UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 96-4218

MICHAEL ANDRE ROBINSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-95-500)

Submitted: July 25, 1996

Decided: August 16, 1996

Before LUTTIG and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard E. Gardiner, Fairfax, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Elizabeth A. Hyman, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Defendant Michael Andre Robinson appeals his conviction for simple possession of marijuana; he was tried by a magistrate judge, and his conviction was affirmed by the district court. Finding no reversible error, we affirm.

Two Park Police officers saw the Defendant seated in his parked car with a passenger. While looking into the car the officers observed two open beer bottles, a criminal violation. See 36 C.F.R. 4.14(b) (1996). The officers instructed both occupants to exit and stand by the rear of the car. The first officer searched the car from the passenger side door and observed a cigar wrapper on the steering column and the remains of a cigar on the ground near the passenger door. The officer stated at trial that cigar wrappers are often used in the consumption of marijuana.

The second officer searched from the driver's side door and observed several suspected marijuana seeds on the floorboard. Behind the passenger seat, the officer found a leather bag containing two clear plastic bags with suspected marijuana. The Defendant and the passenger were arrested and taken to the county police station.

The only issue on appeal is whether the officers had probable cause to search the vehicle. The Defendant pled guilty to an open container violation, and does not contest admission of the beer bottles. We review the district court's factual findings regarding suppression for clear error, and conduct a de novo review of the court's legal conclusions. See United States v. Gordon, 895 F.2d 932, 937 (4th Cir.), cert. denied 498 U.S. 846 (1990); United States v. Daughtrey 817 F.2d 213, 217 (4th Cir. 1989).

The police may search an automobile and any containers found within it when they have probable cause to believe the automobile contains contraband or other evidence. California v. Acevedo, 500 U.S. 565, 580 (1991). The plain view of the two open alcohol containers, in violation of the law, allowed the officers to search for other

2

open containers because it was reasonable to believe that other contraband might be found within the vehicle. The discovery of the marijuana seeds also gave officers the probable cause to search the leather bag containing the plastic bags of marijuana. Id.

We therefore affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3